**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 31 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRISTINA HERNANDEZ, GELACIO RAMIREZ-
GONZALEZ, and TERESA LOPEZ, on behalf of
themselves and others similarly situated,

                    Plaintiffs,

      -against-

PUNTO Y COMA CORP., LA ESPIGA CAFÉ
BAKERY & PASTRY, INC., LA ESPIGA
RESTAURANT & BAKERY CORP., THOMAS
GONZALEZ, MIRNA MAYORGA, and
NELZON HERRARA,

                    Defendants.
------------------------------------------------------------------X

**ORDER**

**10-CV-3149 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs Christina Hernandez, Gelacio Ramirez-Gonzalez, and Teresa Lopez bring this

purported collective action against Defendants Punto Y Coma Corp., La Espiga Café Bakery &

Pastry, Inc., La Espiga Restaurant & Bakery Corp., Thomas Gonzalez, Mirna Mayorga, and

Nelzon Herrara, alleging that Defendants violated their rights under the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq., and under the New York Labor Law Article 6. (Compl. (Docket

Entry # 1).) Defendant Gonzalez Answered pro se (Docket Entry # 7); the remaining Defendants

did not file an Answer or otherwise respond to Plaintiffs' suit, despite being served with process

(see Docket Entry # 3). The Clerk of Court noticed default. (Docket Entry # 9.) Plaintiffs have

moved for default judgment against all Defendants but Gonzalez. (Docket Entry # 18.)

Plaintiffs moved for summary judgment as to liability against Defendant Gonzalez. (Docket

Entry # 19.) Magistrate Judge Robert M. Levy explained the procedures for opposing a

summary judgment motion to Gonzalez (see Nov. 22, 2011 Minute Entry), but Gonzalez did not

file an opposition to the motion. After Plaintiffs filed their motion, Gonzalez testified under oath (through an interpreter) before Judge Levy (Gonzalez had not submitted an affidavit in this case, nor had he been deposed). (See Conference Tr. (Docket Entry # 22).)

This court referred Plaintiffs' motions to Judge Levy for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order (Docket Entry # 16).) Judge Levy has since issued his Report and Recommendation ("R&R") in which he recommends granting both of Plaintiffs' motions. (Docket Entry # 24.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, the court reviews Judge Levy's R&R for clear error. Cf. 28 U.S.C. § 636(b)(1).

The court first considers the recommendation that default judgment be granted against the non-answering Defendants. Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiffs' allegations as set forth in the Complaint are sufficient to establish that the non-answering Defendants are liable for violations of the Fair Labor Standards Act and the New York Labor Law. Thus, the court agrees that default judgment is appropriate.

The court next turns to the R&R's discussion of Plaintiffs' motion for summary judgment against Gonzalez. Finding no error in it, the court adopts this portion of the R&R. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007).

Accordingly, the court GRANTS Plaintiff's motion for default judgment against

Defendants Punto Y Coma Corp., La Espiga Café Bakery & Pastry, Inc., La Espiga Restaurant &

Bakery Corp, Mirna Mayorga, and Nelzon Herrara; the court GRANTS Plaintiffs' motion for

summary judgment against Thomas Gonzalez. Plaintiffs are directed to file a submission on

damages and attorney's fees. Judge Levy shall conduct an inquest as to damages once Plaintiffs

have submitted their materials.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      July 31, 2012

NICHOLAS G. GARAUFIS
United States District Judge