UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CHRISTINA HERNANDEZ, GELACIO
RAMIREZ-GONZALEZ, and TERESA LOPEZ, on
behalf of themselves and others similarly situated,

               Plaintiffs,

      -against-

PUNTO Y COMA CORP., LA ESPIGA CAFÉ
BAKERY & PASTRY INC., LA ESPIGA
RESTAURANT & BAKERY CORP., THOMAS
GONZALEZ, MIRNA MAYORGA, and NELZON
HERRARA, in their individual capacities,

               Defendants.

**ORDER**

**10-CV-3149 (NGG) (RML)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On July 12, 2010, Plaintiffs filed this action against Defendants, their former employers, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. and New York Labor Law Article 6. (Compl. (Dkt. 1).)

      On January 20, 2012, Plaintiffs moved for default judgment against Defendants Punto Y Coma Corp., La Espiga Café Bakery & Pastry Inc., La Espiga Restaurant & Bakery Corp., Mirna Mayorga, and Nelzon Herrara ("Defaulting Defendants"). (Mot. Default J. (Dkt. 18).) Also on January 20, 2012, Plaintiffs moved for summary judgment against Defendant Thomas Gonzalez. (Mot. Summ. J. (Dkt. 19).) The court referred these motions to Magistrate Judge Robert M. Levy for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Dec. 23, 2011, Order (Dkt. 16).)

      On June 13, 2012, Judge Levy issued his R&R, recommending that the court grant both of Plaintiffs' motions. (See Default J. & Summ. J. R&R (Dkt. 24).) On July 31, 2012, the court

1

adopted the R&R without objection and directed Plaintiffs to file a submission on damages and attorneys' fees. (See July 31, 2012, Order (Dkt. 27).) The court respectfully directed Judge Levy to conduct an inquest and provide a supplemental R&R as to damages and fees. (Id. at 3.)

On August 1, 2013, Judge Levy issued this R&R, recommending that Plaintiffs Christina Hernandez and Teresa Lopez[1] be awarded a total of $295,150.08, plus partial interest—$126,094.98 in unpaid minimum wages; $14,284.12 in unpaid overtime wages; $15,103.69 in unpaid spread-of-hour wages; $106,934.92 in liquidated damages; $31,983.00 in attorneys' fees; $749.37 in costs; and prejudgment interest at a rate of 9% per annum on a portion of those damages. (See Damages R&R (Dkt. 34).) Pursuant to the court's Order (see Dkt. 35), Plaintiffs filed proof of service of the Damages R&R upon the Defaulting Defendants (see Dkt. 36-41).

No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also Damages R&R at 21.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and, as set forth above and in the Damages R&R: (1) Plaintiffs are awarded $295,150.08; (2) Plaintiff Hernandez is awarded interest on $49,022.68, at a rate of 9% per year, running from June 1, 2007, through the date of entry of judgment; and (3) Plaintiff Lopez is awarded interest on $38,395.89, at a rate

---

[1] Plaintiffs' counsel has been unable to locate Plaintiff Ramirez-Gonzalez since the fall of 2011, and therefore no damages are sought on his behalf. (See Damages R&R at 1 n.2.)

2

of 9% per year, running from January 1, 2008, through the date of entry of judgment. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September __, 2013

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge